IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAVON MAYHAN,

    Petitioner,               No. 2:12-cv-00608 DAD P

    vs.

M. MULLIN,                            ORDER

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 4.)

    Petitioner's in forma pauperis application makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it

/////

/////

must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred.

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); Scott v. Schriro, 567 F.3d 573, 583 (9th Cir. 2009); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived exhaustion unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

After reviewing the petition for federal habeas relief filed in this action, the court finds that petitioner has failed to exhaust state court remedies. In this regard, the court observes that in his pending petition, petitioner alleges that he neither appealed from the judgment of conviction which he seeks to challenge nor pursued any habeas relief in state court with respect to that conviction. (Doc. No. 1 at 2-3.) Therefore, it is apparent from petitioner's own

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2).

1 allegations that his claims for relief have not first been presented to the California Supreme Court
2 as required. Further, there is no allegation in his petition that state court remedies are no longer
3 available to petitioner. Accordingly, the pending federal petition will be dismissed without
4 prejudice.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 8, 2012 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies; and

3. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

DATED: January 16, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
may608.103

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).